# EXHIBIT K

1  LAUREN TEUKOLSKY (SBN 211381)
   lauren@teuklaw.com
2  TEUKOLSKY LAW, APC
   201 S. Lake Avenue, Suite 305
3  Pasadena, CA 91101
   Telephone: (626) 522-8982
4  Facsimile: (626) 522-8983

5  RAMIT MIZRAHI (SBN 233315)
   ramit@mizrahilaw.com
6  MIZRAHI LAW, APC
   201 S. Lake Avenue, Suite 305
7  Pasadena, CA 91101
   Telephone: (626) 380-9000
8  Facsimile: (626) 606-3999

9  Attorneys for Plaintiff Shannon Williams
   and the Putative Class
10

**FILED**
Superior Court of California
County of Los Angeles

OCT 2 3 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
/ Amanda Flores

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     COUNTY OF LOS ANGELES
12                   (UNLIMITED JURISDICTION)

13  SHANNON WILLIAMS, as an individual and on      CASE NO. 20STCV33583
    behalf of all others similarly situated,
14                                                 **FIRST AMENDED CLASS ACTION
                 Plaintiff,                        COMPLAINT:**
15
          v.                                       **(1)  MINIMUM WAGE VIOLATIONS;**
16
    LABCORP EMPLOYER SERVICES, INC., a             **(2)  FAILURE TO PAY OVERTIME WAGES;**
17  Delaware corporation; LABCORP STAFFING
    SOLUTIONS, INC., a Delaware corporation;       **(3)  MEAL PERIOD VIOLATIONS;**
18  WELLNESS CORPORATE SOLUTIONS, LLC,
    a Maryland corporation; and DOES 4-10,         **(4)  REST PERIOD VIOLATIONS;**
19
                 Defendants.                       **(5)  UNLAWFUL FAILURE TO
20                                                        REIMBURSE FOR NECESSARY
                                                         EXPENDITURES;**
21
                                                   **(6)  ITEMIZED WAGE STATEMENT
22                                                       VIOLATIONS;**

23                                                 **(7)  WAITING TIME PENALTIES;**

24                                                 **(8)  UNFAIR COMPETITION;**

25                                                 **(9)  DECLARATORY RELIEF;**

26                                                 **(10) PRIVATE ATTORNEYS GENERAL
                                                         ACT PENALTIES;**
27
                                                   **DEMAND FOR JURY TRIAL**
                                                   **Action Filed:** 9/2/20
                                                   **Trial Date:** None set
28

---

FIRST AMENDED CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL

10/27/2020

1        Plaintiff Shannon Williams ("Plaintiff") on behalf of herself and all current and former similarly

2  situated employees brings this Class Action Complaint against Defendants LabCorp Employer Services,

3  Inc., LabCorp Staffing Solutions, Wellness Corporate Solutions, LLC, and Does 4-10 (collectively,

4  "LabCorp"), and on information and belief alleges as follows:

5                        **PARTIES**

6      1.     Plaintiff SHANNON WILLIAMS has been employed by LabCorp since approximately

7  April 2019 to the present. In her various roles at LabCorp, she provides mobile health services, including

8  temperature checks, flu shots, and health screenings, often in a "lead" role. Ms. Williams is over 18 years

9  of age and resides in Riverside County. At all relevant times, LabCorp was an employer.

10     2.     Defendant LABCORP EMPLOYER SERVICES, INC., formerly operating as Wellness

11  Corporate Solutions, LLC, is and at all relevant times was a Delaware corporation doing business

12  throughout California, including the County of Los Angeles.

13     3.     Defendant LABCORP STAFFING SOLUTIONS, INC. is and at all relevant times was

14  a Delaware corporation doing business throughout California, including the County of Los Angeles.

15     4.     Defendant WELLNESS CORPORATE SOLUTIONS, LLC is and at all relevant times

16  was a Maryland corporation doing business throughout California, including the County of Los Angeles.

17     5.     Plaintiff is informed and believes and based thereon alleges that LabCorp Employer

18  Services, Inc., LabCorp Staffing Solutions, Inc., and Wellness Corporate Solutions, LLC share common

19  ownership and common management. Further, Plaintiff is informed and believes and based thereon

20  alleges that LabCorp Employer Services, Inc., LabCorp Staffing Solutions, Inc., and Wellness Corporate

21  Solutions, LLC are a single employer for purposes of liability because of interrelation of operations,

22  common management, centralized control of labor relations, and common ownership or financial control.

23  Plaintiff is informed and believes and based thereon alleges that there is such a unity of interest and

24  ownership between LabCorp Employer Services, Inc., LabCorp Staffing Solutions, Inc., and Wellness

25  Corporate Solutions, LLC that their separate personalities no longer exist, and that an inequitable result

26  would follow if they were not all liable. Plaintiff is informed and believes and based thereon alleges that

27  LabCorp Employer Services, Inc., LabCorp Staffing Solutions, Inc., and Wellness Corporate Solutions,

28  LLC jointly employed Plaintiff and all similarly situated and similarly aggrieved persons.

FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

6.     The true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 4 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Class to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

7.     Plaintiff is informed and believes, and thereupon alleges, that at all times material herein, each of the Defendants was the agent or employee of, and/or working in concert with, his/her co-Defendants and was acting within the course and scope of such agency, employment, and/or concerted activity. Plaintiff alleges that to the extent certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

8.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant, Defendants, or LabCorp, such allegations and references shall also be deemed to mean the acts and failure to act of each Defendant acting individually, jointly, and severally.

9.     Adherence to the fiction of the separate existence of each LabCorp entity would permit an abuse of the corporate privilege and would sanction fraud or promote injustice on the part of the individual Defendants by allowing said individual Defendants to escape liability for their misdeeds, which misdeeds resulted in damages being suffered by Plaintiff and similarly situated employees of the Defendant corporation.

### JURISDICTION AND VENUE

10.     The Superior Court of the State of California has jurisdiction in this matter because both LabCorp Employer Services, Inc., LabCorp Staffing Solutions, Inc., and Wellness Corporate Solutions, LLC regularly conduct business in California. No federal question is at issue because the claims are based solely on California law. This case falls within the Court's unlimited jurisdiction because the amount in controversy exceeds $25,000.

/ / /

-2-
FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

11.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, because the acts and omissions complained of herein occurred in the County of Los Angeles, and Plaintiff and her similarly situated co-workers were employed by LabCorp within the County of Los Angeles.

## GENERAL FACTUAL ALLEGATIONS

12.     Among LabCorp's offerings to its clients is an onsite health services and biometric screening program. LabCorp goes to its customers' business locations, where it performs health screenings to test body temperature, blood pressure, blood glucose, cholesterol, and body compositions, administers flu shots, and provides health education.

13.     Since April 2019, Ms. Williams has worked for LabCorp, providing mobile health services, including temperature checks, flu shots, and health screenings, often in a "lead" role. She is paid between $18 and $35 an hour for her work, depending on the type of shift she is working, and occasionally receives bonuses offered to incentivize employees to accept specific shifts.

### Off-the-Clock Work

14.     LabCorp failed to pay Ms. Williams and similarly situated individuals for certain hours that they were required to work off the clock. Ms. Williams and similarly situated employees are expected to: check and respond to emails; view available shifts on LabCorp's software system; communicate with LabCorp about scheduling and work; and take tutorials and tests on various health topics, but are not paid for any of this time. In addition, LabCorp requires Ms. Williams and similarly situated employees to drive to each job, located at the site of LabCorp's clients, and then drive home, but does not compensate them for any of this drive time, even though Ms. Williams often drives hours roundtrip for a single shift.

15.     Further, Ms. Williams and similarly situated employees, when working as a lead or nurse, are required to: review event specifics and staff information; correspond with event staff to confirm their scheduling and attendance; print event-specific paperwork (including the list of scheduled appointments for the event); for some events, receive and organize inventory at home prior to the event (such as vaccines for flu shot events, and for screenings cholestech machines, power cords, tablets, hotspots, BMI machines, stadiometers, scales, privacy screens, tablecloths, chux pads, boxes of glucose testing

-3-
FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    cassettes, capillary tubes, gauze, alcohol pads, band-aids, batteries, pens, hand sanitizer, paper towels,

2    consent booklets, consent forms, gloves, measuring tape, clip boards, biohazard containers, blood

3    pressure machines), refrigerate certain items (for example flu vaccines); count the inventory, request

4    additional supplies if needed; prepare supplies for transport and load their vehicles with them to

5    transport them to the event. After events, they are required to: fill out paperwork; pack up

6    inventory/supplies; drive to a UPS location using their personal vehicles to drop off paperwork (such as

7    consent forms) and/or inventory within 12 hours of an event ending; and get a receipt from UPS, take a

8    photo of the receipt with the tracking number, and either email or text it to the Program Manager as

9    confirmation. Although LabCorp pays leads and nurses for an additional 30 minutes of work per shift, it

10   is not nearly enough to cover all of the time spent before and after events as described in this paragraph,

11   which on average takes closer to 1½ hours total per shift, if not more.

12        16.     On information and belief, LabCorp has uniform policies and practices throughout its

13   California locations requiring its non-exempt employees to perform off-the-clock work.

**Overtime Violations**

15        17.     Throughout Ms. Williams's employment, LabCorp has failed to pay her and her similarly

16   situated coworkers proper overtime pay.

17        18.     Ms. Williams and her coworkers typically have shifts that start in the morning and run

18   until the event is finished. Ms. Williams has frequently worked shifts longer than eight hours, including

19   shifts in excess of twelve hours, when including the time it took her to travel to and from the event

20   location. However, LabCorp does not pay Ms. Williams and her similarly situated coworkers proper

21   overtime compensation because it does not compensate them for any of the time they spend traveling to

22   and from the event location.

23        19.     Further, LabCorp frequently pays Ms. Williams and her similarly situated coworkers

24   bonuses to work on certain shifts, but does not include the bonus amounts in the "regular rate of pay"

25   when calculating the overtime premium rate. These bonuses are non-discretionary and LabCorp's failure

26   to include them in the regular rate of pay violates Labor Code § 510(a) and IWC Wage Order 4

27   § 3(A)(1)(a).

28   ///

20. On information and belief, LabCorp pays all of its similarly situated employees in California in the same unlawful manner as Ms. Williams and has uniform policies and practices that deprive its employees of the overtime compensation to which they are entitled under California law.

### Meal and Rest Period Violations

21. LabCorp also committed meal and rest period violations with respect to Ms. Williams and her similarly situated coworkers who worked in lead and/or nurse roles.

22. When serving as a lead or nurse, Ms. Williams was scheduled in such a manner that did not allow any time for meal or rest breaks. If Ms. Williams had taken her meal and rest breaks, she would have been leaving her team understaffed, and would not have been able to finish her work by the scheduled end time of the event. Ms. Williams did not receive a meal period for all but a small number of the shifts she worked five or more hours as a lead or nurse, even though she was entitled to a duty-free 30-minute unpaid meal period for each of these shifts. Furthermore, by not counting driving time to customer sites as compensable work time, LabCorp does not properly track employee time so as to provide the meal and rest breaks required

23. LabCorp did not provide Ms. Williams or similarly situated employees with any premium pay for missed meal breaks.

24. On information and belief, LabCorp's non-exempt employees throughout California similarly situated to Ms. Williams were not authorized or permitted to take proper meal periods under California law, and were not provided with any premium pay.

25. For the same reasons that she did not receive the meal breaks to which she was entitled, Ms. Williams and similarly situated coworkers did not receive a ten-minute rest break for every four hours worked, or major fraction thereof. LabCorp did not pay Ms. Williams any premium pay for these missed breaks. To Ms. Williams' knowledge, LabCorp did not even have a procedure for employees to request premium pay for missed breaks.

### Unreimbursed Business Expenses

26. LabCorp violated the Plaintiff's rights and other similarly situated employees by failing to reimburse for necessary business expenses.

/ / /

27.     LabCorp required Ms. Williams and similarly situated LabCorp workers to supply and use their own smartphones and devices to run an application necessary for their work including, but not limited to, an application called "Shiftboard" which employees needed to view work events in their area, sign up for shifts, and receive updates from the company. LabCorp did not provide Ms. Williams or similarly situated employees with smartphones or other devices they could use for work-related purposes. Accordingly, Ms. Williams and others were required to use their own smartphones and other devices, as well as their own data plans, to access information about their shifts and company updates, as well as send and receive work-related emails and text messages.

28.     In addition, Ms. Williams and similarly situated LabCorp employees regularly drove far distances in their personal vehicles to LabCorp's clients, sometimes driving over 100 miles roundtrip for a single work shift. LabCorp did not regularly reimburse employees for mileage, gas, maintenance, or any other expense related to the use of a personal vehicle for work purposes.

29.     When working as a lead or nurse, Ms. Williams and similarly situated employees were required to use their own resources to print out paperwork for events (including schedules and forms), but were not reimbursed for these expenses. They were also required to use their personal vehicles to drop off paperwork and/or inventory at a UPS location within 12 hours of the end of their shift, but they were not reimbursed for the mileage incurred in doing so.

30.     Further, LabCorp does not regularly reimburse employees for parking fees at events and for other work-related travel expenses.

### Wage Statement Violations and Waiting Time

31.     As a result of LabCorp's failure to pay all earned regular wages and overtime wages, and premiums for meal and rest period violations, LabCorp failed to pay all wages owed to separating employees at the time of separation from their respective employments, in violation of Labor Code § 203.

32.     Pursuant to Labor Code § 226, LabCorp was obligated to furnish Ms. Williams and other similarly situated employees with complete and accurate itemized wage statements that show, among other things, the inclusive dates of the pay period, the last four digits of an employee's social security number or other identification number, all correct gross and net wages earned, all regular and overtime hours worked, all applicable hourly rates of pay and the number of hours worked at each rate, and

-6-

1    premium wages for meal and rest period violations. However, LabCorp failed to furnish Ms. Williams

2    and similarly situated employees with compliant wage statements, in violation of Labor Code § 226.

### PAGA ALLEGATIONS

4        33.    Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699(c), and as

5    an aggrieved employee is entitled to proceed under PAGA.

6        34.    Pursuant to § 2699(c), "aggrieved employee" means any person who was employed by

7    the alleged violator and against whom one or more of the alleged violations was committed. Plaintiff was

8    employed by LabCorp, and has suffered one or more of the violations alleged herein.

9        35.    Plaintiff is statutorily entitled to prosecute this matter to recover civil penalties as to any

10   and all Labor Code violations covered under PAGA, as to herself as well as all other aggrieved employees

11   in California.

### CLASS ALLEGATIONS

13       36.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to

14   Code of Civil Procedure § 382. The Class that Plaintiff seeks to represent is composed of and defined as

15   follows: All non-exempt individuals who worked for LabCorp providing mobile health services in

16   California at any time during the period beginning February 5, 2019 through the date of judgment in this

17   action.

18       37.    This action has been brought and may properly be maintained as a class action under Code

19   of Civil Procedure § 382 because the class is easily ascertainable and there is a well-defined community

20   of interest in the litigation.

21       38.    Numerosity: The potential members of the Class as defined are so numerous that joinder

22   of all the members is impracticable. While the precise number of putative class members has not been

23   determined at this time, Plaintiff is informed and believes that LabCorp employs more than 100

24   individuals who provide mobile health services in California. Joinder of all members of the proposed

25   Class is therefore impracticable.

26       39.    Commonality: There are questions of law and fact common to the Class that predominate

27   over any questions affecting only individual members of the Class. These common questions of law and

28   fact include, without limitation:

(a)     Whether LabCorp uniform policies, including with respect to travel time and to lead-related work, result in LabCorp suffering and permitting employees to perform work off the clock for no compensation;

(b)     Whether LabCorp's uniform policies, including with respect to travel time and to lead-related work, result in LabCorp failing to pay premium wages to non-exempt employees who work more than eight hours in a consecutive shift, violates California law, including Labor Code §§ 510 and 1194;

(c)     Whether LabCorp's meal period policies and/or practices complied with the requirements of the Labor Code and Wage Order 4;

(d)     Whether LabCorp's rest period policies and/or practices complied with the requirements of the Labor Code and Wage Order 4;

(e)     Whether LabCorp's reimbursement policy and/or practices complied with the requirements of the Labor Code § 2802(a);

(f)     Whether LabCorp furnished legally compliant wage statements to members of the Class pursuant to Labor Code § 226; and

(g)     Whether LabCorp engaged in unfair and unlawful business practices in violation of Business & Professions Code § 17000, *et seq.*

40.     Predominance of Common Questions: Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from LabCorp's policies and/or practices applicable to each individual class member, such as their uniform policies and practices that deprive its employees of the overtime compensation to which they are entitled under California law. As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

41.     Typicality: The claims of Plaintiff are typical of the claims of the Class because Plaintiff has been employed by LabCorp in California in various roles, including that of "lead," during the statutes of limitation applicable to each cause of action pled in the Complaint in this action, and Plaintiff suffered each of the legal violations alleged herein.

42.   <u>Adequacy of Representation</u>: Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the members of the Class. Moreover, Plaintiff's counsel is ready, willing and able to fully and adequately represent the members of the Class and Plaintiff. Plaintiff's counsel has prosecuted numerous wage-and-hour class actions in state and federal courts in the past and is committed to vigorously prosecuting this action on behalf of the members of the Class.

43.   <u>Superiority</u>: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The class action format is an efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, LabCorp would gain an unfair advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Moreover, requiring each member of the Class to pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to file an action against their employer for fear of retaliation. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent adjudications. Further, the claims of the individual members of the class are likely not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

44.   As such, the Class identified above is maintainable under Section 382 of the Code of Civil Procedure.

<div align="center">

**FIRST CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

</div>

45.   Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

46.   California Labor Code §§ 1182.11 and 1197, and IWC Wage Order 4 § 4, require Defendants to pay Plaintiff and class members at or above the state minimum wage for every hour

1    Defendants suffer or permit those employees to work.

2         47.    California Labor Code § 1198 makes employment of an employee under conditions the

3    IWC prohibits unlawful. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer that

4    has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid

5    balance of the unpaid wages as well as liquidated damages in an amount equal to the wages unpaid and

6    interest thereon.

7         48.    Defendants have failed to pay Plaintiff and members of the Class at or above the California

8    minimum wage for many hours they have worked, including but not limited to mandatory hours that

9    Defendants required employees to work but failed to provide any compensation for such work (i.e., "off

10   the clock" work).

11        49.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein,

12   Plaintiff and members of the Class have sustained economic damages, including but not limited to unpaid

13   wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and

14   statutory damages and penalties and other appropriate relief from Defendants' violations of the

15   California Labor Code and IWC Wage Order 4.

16                              **SECOND CAUSE OF ACTION**

17                         **FAILURE TO PAY OVERTIME WAGES**

18                              **(AGAINST ALL DEFENDANTS)**

19        50.    Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all

20   previous paragraphs.

21        51.    It is unlawful under California law for an employer to suffer or permit an employee to

22   work in excess of eight hours per workday or 40 hours per workweek without paying premium wages of

23   no less than one and one-half times the regular rate of pay under California Labor Code § 510 and IWC

24   Wage Order 4 § 3. Employees who work more than 12 hours per day are entitled to an overtime premium

25   of twice their regular rate of pay. *Id.*

26        52.    California Labor Code § 1198 makes employment of an employee for longer hours than

27   the IWC sets or under conditions the IWC prohibits unlawful. California Labor Code §1194(a) entitles

28   an employee to recover in a civil action the unpaid balance of all overtime compensation due but not paid.

53. Here, Plaintiff and members of the Class routinely worked more than eight and 12 hours in a workday, as well as more than 40 hours in a workweek, when including the time it took them to travel to and from the event locations and to perform work before and after their scheduled shifts. By failing to compensate Plaintiff and members of the Class for all hours worked, Defendants deprived them of the overtime compensation to which they were entitled.

54. Defendants' failure to include non-discretionary bonuses in the "regular rate of pay" when calculating the overtime premium rate also deprived Plaintiff and Class members of proper overtime compensation.

55. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and members of the Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 4.

### THIRD CAUSE OF ACTION
### MEAL PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

56. Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

57. California Labor Code § 512(a) prohibits an employer from employing a worker for a work period of more than five hours per day without providing the employee with a 30-minute meal period. It also prohibits an employer from employing a worker for a work period of more than ten hours per day without providing a second 30-minute meal period. Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any meal period mandated by an applicable Industrial Wage Order. IWC Wage Order 4 § 11(A) prohibits employers from employing a worker for more than five hours without a meal period of at least 30 minutes. Under both California Labor Code § 226.7(b) and IWC Wage Order 4 § 11(B), if an employer fails to provide an employee a meal period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided as required.

-11-
FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

58. California Labor Code § 1198 makes employment of an employee under conditions the IWC prohibits unlawful.

59. Defendants have a policy or practice of failing to provide Plaintiff and members of the Class with lawful meal periods required by California Labor Code §§ 226.7 & 512, and IWC Wage Order 4 §11.

60. Defendants also have a policy or practice of failing to pay each of their employees who was not provided with a meal period as required an additional one hour of compensation at each employee's regular rate of pay.

61. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and members of the Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order No. 4.

## FOURTH CAUSE OF ACTION

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

62. Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

63. California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any rest period mandated by an applicable Industrial Wage Order. IWC Wage Order No. 4 § 12(A) requires employers to authorize and permit employees to take a paid duty-free rest period of at least 10 minutes for every four hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period. Under both California Labor Code § 226.7(b) and IWC Wage Order 4 § 12(B), if an employer fails to provide an employee a rest period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided as required.

64. California Labor Code § 1198 makes employment of an employee under conditions the IWC prohibits unlawful.

65.     Defendants have a policy or practice of failing to authorize and permit Plaintiff and class members to take the rest periods required by California Labor Code § 226.7 and IWC Wage Order 4 § 12.

66.     Defendants also have a policy or practice of failing to pay each of their employees who was not provided with a rest period as required an additional one hour of compensation at each employee's regular rate of pay.

67.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and members of the Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order No. 4.

## FIFTH CAUSE OF ACTION

## UNLAWFUL FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES

## (AGAINST ALL DEFENDANTS)

68.     Plaintiff, on behalf of herself and the Class, reallege and incorporates by reference all previous paragraphs.

69.     Labor Code §2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience or the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

70.     Defendants have maintained and continue to maintain an unlawful practice of failing to reimburse or otherwise indemnify Plaintiff and other members of the Class for the costs of purchasing smartphones, iPads, laptops, and other devices and data plans, which were necessary to the discharge of Plaintiff's duties and/or her obedience to Defendants' directions, in violation of Labor Code §2802. Defendants have also maintained an unlawful practice of failing to regularly reimburse employees for the miles they drive in their personal vehicles to their job assignments, for parking fees at events, and for other work-related travel expenses.

/ / /

-13-
FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

71.     During the relevant time period, Plaintiff and other members of the Class suffered losses equal to the value of any unreimbursed necessary expenditures, and have therefore not been paid all wages due to them and are entitled to restitution and/or payments of unpaid wages in amounts to be proven at trial.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (AGAINST ALL DEFENDANTS)

72.     Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

73.     California Labor Code § 226(a) requires employers semimonthly or at time of paying wages to provide to their employees the following information: gross and net wages earned, total hours worked (including overtime hours), all applicable hourly rates (including overtime rates) and the number of hours worked at each rate, and the name and address of the legal entity that is the employer. IWC Wage Order 4 §7(B) similarly requires employers semimonthly or at the time of each payment of wages to furnish to each employee an itemized statement in writing showing the inclusive dates of the period for which the employee is paid and the correct name of the employer. These required disclosures of information are essential to enable employees to determine whether they have been paid in compliance with the law and to determine the identity of the employers who are responsible for any payments that remain due.

74.     Pursuant to Defendants' unlawful policies and practices as alleged herein, Defendants have knowingly and intentionally failed to provide Plaintiff and other class members with the legally mandated disclosures as required by California Labor Code § 226(a). Further, Defendants' policies and practices of failing to pay overtime compensation, failing to pay for all hours worked, and failing to pay premium wages for meal and rest period violations, necessarily meant that the itemized wage statements of Plaintiff and other class members failed to contain the information required by Labor Code § 226(a).

75.     California Labor Code § 226(e) provides that an employee who suffers injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) may recover the greater of actual damages or the penalties designated by statute of $50 for the initial pay period in which a violation

-14-

1   occurs and $100 per employee for each violation in a subsequent pay period up to an aggregate penalty

2   of $4,000.

3       76.     California Labor Code §1198 makes employment of an employee under conditions the

4   IWC prohibits unlawful.

5       77.     Defendants have knowingly and intentionally failed to furnish Plaintiff and other class

6   members with the information required by California Labor Code § 226(a) and IWC Wage Order 4

7   § 7(B).

8                           **SEVENTH CAUSE OF ACTION**

9                           **WAITING TIME PENALTIES**

10                          **(AGAINST ALL DEFENDANTS)**

11      78.     Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by

12  reference all previous paragraphs.

13      79.     California Labor Code § 201 requires an employer who discharges an employee to pay all

14  compensation due and owing to that employee immediately upon the employee's discharge from

15  employment. California Labor Code § 202 requires an employer promptly to pay all compensation due

16  and owing to an employee within 72 hours after that employee's employment terminates, including by

17  resignation. California Labor Code § 204 requires an employer to pay all wages due to its employees

18  when those wages are due. California Labor Code § 203 provides that if an employer willfully fails to pay

19  all compensation due promptly upon discharge or resignation, as required by §§ 201 and 202, the

20  employer shall be liable for waiting time penalties in the form of continued compensation for up to 30

21  work days.

22      80.     By failing to compensate Plaintiff and members of the Class as required by California law,

23  as set forth above, Defendants have violated and continue to violate California Labor Code § 204, which

24  requires employers, including Defendants, to pay their employees their full wages when due.

25      81.     By failing to compensate Plaintiff and members of the Class as required by California law,

26  as set forth above, Defendants have willfully failed to make timely payment of the full wages due to its

27  employees who quit or have been discharged, thereby violating California Labor Code §§ 201-02.

28  ///

-15-

FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

82.    Defendants' willful failure to timely pay members of the Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, terminated members of the Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

83.    Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all previous paragraphs.

84.    Defendants have engaged in unfair and unlawful business practices in violation of California Business & Professions Code §17200, *et seq.*, by engaging in the unlawful conduct alleged above, including but not limited to: failing to pay the overtime premiums required by state law; failing to pay the minimum wage required by state law; failing to provide employees with all meal periods and paid rest breaks to which they are entitled; failing to reimburse or otherwise indemnify employees for necessary expenditures; failing to provide employees information required by California Labor Code §§ 226(a) and 1174 and Wage Order 4; and failing to pay full wages when due and failing to make timely payment of full wages to employees who quit or have been discharged.

85.    Plaintiff is informed and believes, and based upon such information and belief, alleges that by engaging in the unfair and unlawful business practices complained of above, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with which they compete, in violation of California Business & Professions Code § 17200, *et seq.*, and California Labor Code § 90.5(a), which sets forth the public policy of California to enforce minimum labor standards vigorously to ensure that employees are not required or permitted to work under substandard and unlawful conditions and to protect law abiding employers and their employees from competitors that lower their costs by failing to comply with minimum labor standards.

86.    As a direct and proximate result of Defendants' unfair and unlawful conduct as alleged herein, Plaintiff and members of the Class have sustained injury and damages, including unpaid wages and lost interest, in an amount to be established at trial. Plaintiff and class members seek restitution of all

1   unpaid wages owed to the class members, disgorgement of all profits that Defendants have enjoyed as a

2   result of their unfair and unlawful business practices, penalties, and injunctive relief.

3   <center>**NINTH CAUSE OF ACTION**</center>

4   <center>**DECLARATORY RELIEF**</center>

5   <center>**(AGAINST ALL DEFENDANTS)**</center>

6        87.    Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by

7   reference all previous paragraphs.

8        88.    Under Section 1060 of the Code of Civil Procedure, any person who "who desires a

9   declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy

10   relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint

11   in the superior court for a declaration of his or her rights."

12        89.    Plaintiff desires a declaration that LabCorp's policy and practice of failing to compensate

13   Plaintiff and putative class members for the time spent traveling to and from events violates California

14   law. There exists an actual controversy between Plaintiff and each Defendant relating to the rights and

15   duties of the parties under these laws.

16        90.    Accordingly, Plaintiff brings this claim against each Defendant to obtain a declaratory

17   judgment establishing that Defendants' policies and practices with respect to overtime, meal and rest

18   periods, and wage statements fail to provided Plaintiff and members of the Class with the overtime

19   compensation, minimum wages, meal and rest periods, and wage statements, respectively, to which they

20   are entitled, and that such policy or practices violates California law.

21   <center>**TENTH CAUSE OF ACTION**</center>

22   <center>**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**</center>

23   <center>**(AGAINST ALL DEFENDANTS)**</center>

24        91.    Plaintiffs, on behalf of herself and members of the Class, realleges and incorporates by

25   reference all previous paragraphs.

26        92.    PAGA provides that aggrieved employees may bring a civil action against an employer to

27   recover any civil penalties that could be recovered by the Labor and Workforce Development Agency

28   ("LWDA") under the California Labor Code. The procedures for bringing a PAGA action are outlined

<center>-17-</center>
<center>FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL</center>

1   in Labor Code § 2699.3.

2       93.     Pursuant to Labor Code § 2699.3, an aggrieved employee may commence a civil action

3   arising under Labor Code § 2699 after the following requirements have been met:

4               a.      The aggrieved employee shall give written notice ("Notice") to the LWDA and

5       the employer of the Labor Code provisions that the employer allegedly violated, including the

6       facts and theories to support the alleged violations.

7               b.      The LWDA shall notify the employer and the aggrieved employee or

8       representative by certified mail that it does not intend to investigate the alleged violation within

9       60 calendar days of the postmark date of the notice received. Upon receipt of that notice or if no

10      notice is provided within 65 calendar days of the postmark date of the notice, the aggrieved

11      employee may commence a civil action.

12      94.     Plaintiffs have satisfied these procedural prerequisites. On August 17, 2020, Plaintiffs

13  gave notice to the LWDA of Defendants' violations as set forth in this Complaint, and of Plaintiffs' intent

14  to file a PAGA action to recover penalties and underpaid wages.

15      95.     This same notice was served upon AxleHire by certified mail on August 17, 2020.

16      96.     The LWDA provided no Notice within 65 calendar days of the postmark date of the

17  Notice that it intended to investigate the alleged violation.

18      97.     Plaintiffs have therefore satisfied the requirements of Labor Code § 2699.3 and may

19  recover civil penalties and underpaid wages for the violations of the following statutory sections:

20      •       Overtime violations (Labor Code §§ 510, 558, 1194(a) and 1198).

21      •       Off-the clock work (Labor Code §§ 204, 1182.12, 1194; 1194.2, 1197 and 1198).

22      •       Meal period violations (Labor Code §§ 226.7, 512, 558 and 1198).

23      •       Rest period violations (Labor Code §§ 226.7, 516, 558 and 1198).

24      •       Waiting time violations (Labor Code §§ 201, 202, 203, and 216).

25      •       Timely payment provisions (Labor Code §§ 204 and 210).

26      •       Wage statement violations (Labor Code §§ 226(a), 226(c), 226.3, and 225.5).

27      •       Inaccurate record-keeping (Labor Code §§ 1174, 1198 and Wage Order 4, § 7(A)(3)).

28      •       Unreimbursed expenses (Labor Code § 2802).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.  For an order certifying the proposed Class;

2.  For an order appointing Plaintiff as representative of the Class;

3.  For an order appointing Counsel for Plaintiff as Counsel for the Class;

4.  For an award of damages in the amount of unpaid wage compensation, including for unpaid minimum wages, unpaid overtime and double-time wages, and unpaid premium wages for meal and rest period violations, and interest thereon, subject to proof at trial;

5.  For liquidated damages pursuant to California Labor Code § 1194.2;

6.  Penalties for inaccurate itemized wage statements pursuant to California Labor Code § 226, subject to proof at trial;

7.  Waiting time penalties as to those class members who have quit or been discharged pursuant to California Labor Code § 203, subject to proof at trial;

8.  Restitution of all amounts owed in unpaid wage compensation, including for unpaid overtime wages, unpaid minimum wages, and unpaid premium wages for meal and rest period violations, and interest thereon, in an amount according to proof at trial, pursuant to California Business & Professions Code § 17203;

9.  A declaratory judgment that Defendants' policies and practices not to compensate Plaintiff and putative class members for the time spent traveling to and from events violate California law;

10. For civil penalties pursuant to Labor Code § 2699(f) and (g) for each aggrieved employee for each pay period in which a violation occurred.

11. Prejudgment and postjudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12. On all causes of action, for reasonable attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, 2699(g)(1), and Code of Civil Procedure § 1021.5, and such other provisions as may be applicable; and

-19-

13. For such other and further relief the Court may deem just and proper.

DATED: October 22, 2020                    Respectfully submitted,

                                           TEUKOLSKY LAW, APC
                                           MIZRAHI LAW, APC


                                    By:    _____
                                                Lauren Teukolsky
                                                Ramit Mizrahi
                                           Attorneys for Plaintiff SHANNON WILLIAMS

1  |  **DEMAND FOR JURY TRIAL**

2  |      Plaintiff and all class members hereby respectfully demand a jury trial on all claims and causes

3  |  of action with respect to which they have such a right.

4  |  DATED: October 22, 2020            Respectfully submitted,

5  |

6  |                                  TEUKOLSKY LAW, APC
                                   MIZRAHI LAW, APC

7  |

8  |                      By: _____

9  |                                  Lauren Teukolsky
                                   Ramit Mizrahi

10 |                   Attorneys for Plaintiff SHANNON WILLIAMS

11 |

12 |

13 |

14 |

15 |

16 |

17 |                                Type text here

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL